UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ZENAIDA QUIDGLEY,

                                    Plaintiffs,

            -against-

TARGET CORPORATION d/b/a TARGET.,
TARGET CORPORATE SERVICES, INC.
And FOREST CITY ENTERPRISES

                                    Defendants.

-------------------------------------------------------------X

CIVIL ACTION

Case No.:

**CV 15          0184**

DEARIE, J.

## NOTICE FOR REMOVAL

Defendants, TARGET CORPORATION, (collectively "Target") by their attorneys, FISHMAN

MCINTYRE LEVINE SAMANSKY, P.C., respectfully petition the United States District Court, Eastern

District of New York, upon information and belief, as follows:

1.   Plaintiff's Summons and Verified Complaint was first received by Target on November 20,

2012.

2.   This case was commenced on November 13, 2012 in the Supreme Court of the State of New

York, County of Queens.  The suit is identified in the Supreme Court as ZENAIDA QUIDGLEY *v. TARGET*

*CORPORATION d/b/a TARGET CORPORATE SERVICES, INC., and FOREST CITY ENTERPRISES,*

*Index Number 17428-14.*   A true copy of Plaintiff's Summons and Verified Complaint is cumulatively

annexed hereto as "**Exhibit A**".

3.   The filing of this Notice for Removal is timely because it is filed within thirty (30)

days of the date Target first received notice of the lawsuit.

4.   The Plaintiff's Complaint in the Supreme Court of the State of New York, County of

Queens, asserts monetary damages relating to personal injuries in a non-specified amount.  However, Plaintiff

specifically claims that as a result of the incident complained of therein, the Plaintiff was caused "to be

precipitated to the ground and caused to sustain serious, permanent and long lasting injuries".  (*See* "**Exhibit**

**A**" hereto at para. 45)  As such, Target believes that amount of controversy herein exceeds $75,000.00,

exclusive of interest and costs.

5. The Plaintiff, as alleged the in Summons and Verified Complaint annexed hereto as Exhibit A, claims to be an individual citizen of the State of New York. (*See* Exhibit A, para. 1.) Target is a corporation of the State of Minnesota with their principal place of business in Minneapolis, Minnesota. Defendant, Forest City Enterprises is an Ohio Corporation with a principal place of business in Cleveland, Ohio. This action is therefore between a citizen of the State of New York on one hand, and corporation(s) of another state, Minnesota and Ohio, on the other hand.

**WHEREFORE,** Petitioners TARGET CORPORATION Defendants in the action described herein now pending in the Supreme Court of the State of New York, County of Queens, under Index Number 17428/14, pray that this action be removed therefrom to this Honorable Court.

Dated: New York, New York
January 12, 2015

Yours etc.,

MITCHELL B. LEVINE (ML 0998)
FISHMAN MCINTYRE P.C.
Attorney for Defendant
TARGET CORPORATION
44 Wall Street, 12th Floor
New York, New York 10005
(212) 461-7190
File No.: TARN- 91-ML

TO: Steven R. Smith, Esq.
Attorney for Plaintiff
1050 Franklin Avenue, Suite 304
Garden City, New York 11530
(516) 741-5454

Forest City Enterprises, Inc.
111 EighthAvenue
New York, New York 10011

Supreme Court of the State of New York -- Queens County
8811 Sutphin Boulevard #2
Jamaica, NY 11435

## ATTORNEY'S AFFIRMATION

Mitchell B. Levine, hereby affirms, under penalties of perjury, that a true copy of Plaintiff's Summons and Verified Complaint filed in the Supreme Court of the State of New York, County of Queens, is annexed hereto as **"Exhibit A"**.

Dated:  New York, New York
       January 12, 2015

                                                    _____

                                                    **MITCHELL B. LEVINE**

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

INDEX NO.: 17428-14
DATE PURCHASED: 12-3-14

--------------------------------------------------X

ZENAIDA QUIDGLEY,

          Plaintiff,

Plaintiff designates:
Queens County
as the place of trial

          v.

The basis of venue is Plaintiff's Residence

**Summons**

TARGET CORPORATION d/b/a TARGET,
TARGET CORPORATE SERVICES, INC.,
And FOREST CITY ENTERPRISES, INC.
          Defendants.

Plaintiff's resides at:
68-38 Yellowstone Blvd.
Forest Hills, N.Y. 11375

--------------------------------------------------X

To the above named Defendants:

      **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within **20 days** after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: December 1, 2014

                          **STEVEN R. SMITH, ESQ.**
                          *Attorney for Plaintiff*
                          Office and Post Office Address
                          1050 Franklin Avenue, Suite 304
                          Garden City, New York 11530
                          (516) 741-5454

Defendant's address:
*See annexed Rider*

**RE:  ZENAIDA QUIDGLEY v. TARGET CORPORATION d/b/a TARGET, et al.**

TO:

**TARGET CORPORATION d/b/a TARGET**
88-01 Queens Boulevard
Elmhurst, New York 11373

**TARGET CORPORATE SERVICES, INC.**
c/o CT CORPORATION SYSTEM
111 Eighth Avenue
New York, New York 10011

**FOREST CITY ENTERPRISES, INC.**
c/o CT CORPORATION SYSTEM
111 Eighth Avenue
New York, New York 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X Index #: 17428-14

ZENAIDA QUIDGLEY,

Plaintiff,

v.        **VERIFIED COMPLAINT**

TARGET CORPORATION d/b/a TARGET,
TARGET CORPORATE SERVICES, INC.,
And FOREST CITY ENTERPRISES, INC.

Defendants.
-----------------------------------------------------------------X

   Plaintiff **ZENAIDA QUIDGLEY**, by her attorney **STEVEN R. SMITH, ESQ.**, complaining of the

defendants, **TARGET CORPORATION d/b/a TARGET, TARGET CORPORATE SERVICES, INC.**

**and FOREST CITY ENTERPRISES, INC.** alleges upon information and belief as follows:

1. That at all times hereafter mentioned, Plaintiff **ZENAIDA QUIDGLEY** was and still is a

  resident of the County of Queens, State of New York.

2. That at all times hereinafter mentioned Defendant **TARGET CORPORATION d/b/a**

  **TARGET** was and still is a duly organized New York State corporation, operating under and by

  virtue of the laws of the State of New York.

3. That at all times hereinafter mentioned Defendant **TARGET CORPORATION d/b/a**

  **TARGET** was and still is a duly organized foreign corporation operating in New York under

  and by virtue of the laws of the State of New York.

1

4. That at all times hereinafter mentioned Defendant **TARGET CORPORATION d/b/a TARGET.** was and still is a business or a legal entity, operating under and by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned Defendant **TARGET CORPORATION d/b/a TARGET.** was and still is a partnership, operating under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned, Defendant **TARGET CORPORATION d/b/a TARGET** maintained a principal place of business in Queens County, New York.

7. That at all times hereinafter mentioned Defendant **TARGET CORPORATION d/b/a TARGET** was in the general business of providing retail merchandise sales.

8. That at all times hereinafter mentioned Defendant **TARGET CORPORATION d/b/a TARGET** was and still is a duly organized New York State corporation, operating under and by virtue of the laws of the State of New York.

9. That at all times hereinafter mentioned Defendant **TARGET CORPORATION d/b/a TARGET** was and still is a duly organized foreign corporation operating in New York under and by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned Defendant **TARGET CORPORATE SERVICES, INC.** was and still is a business or a legal entity, operating under and by virtue of the laws of the State of New York.

11. That at all times hereinafter mentioned Defendant **TARGET CORPORATE SERVICES, INC.** was and still is a partnership, operating under and by virtue of the laws of the State of New York.

2

12. That at all times hereinafter mentioned, Defendant **TARGET CORPORATE SERVICES, INC.** maintained a principal place of business in Queens County, New York.

13. That at all times hereinafter mentioned Defendant **TARGET CORPORATE SERVICES, INC.** was in the general business of providing retail merchandise sales.

14. That at all times hereinafter mentioned Defendant **TARGET ENTERPRISES, INC.** was and still is a duly organized New York State corporation, operating under and by virtue of the laws of the State of New York.

15. That at all times hereinafter mentioned Defendant **TARGET ENTERPRISES, INC.** was and still is a duly organized foreign corporation operating in New York under and by virtue of the laws of the State of New York.

16. That at all times hereinafter mentioned Defendant **TARGET ENTERPRISES, INC.** was and still is a business or a legal entity, operating under and by virtue of the laws of the State of New York.

17. That at all times hereinafter mentioned Defendant **TARGET ENTERPRISES, INC. INC.** was and still is a partnership, operating under and by virtue of the laws of the State of New York.

18. That at all times hereinafter mentioned, Defendant **TARGET ENTERPRISES, INC.** maintained a principal place of business in Queens County, New York.

19. That at all times hereinafter mentioned Defendant **TARGET ENTERPRISES, INC.** was in the general business of providing retail merchandise sales.

20. That at all times hereinafter mentioned Defendant **FOREST CITY ENTERPRISES, INC.** was and still is a duly organized New York State corporation, operating under and by virtue of the laws of the State of New York.

3

21. That at all times hereinafter mentioned Defendant **FOREST CITY ENTERPRISES, INC.** was and still is a duly organized foreign corporation operating in New York under and by virtue of the laws of the State of New York.

22. That at all times hereinafter mentioned Defendant **FOREST CITY ENTERPRISES, INC.** was and still is a business or a legal entity, operating under and by virtue of the laws of the State of New York.

23. That at all times hereinafter mentioned Defendant **FOREST CITY ENTERPRISES, INC.** was and still is a partnership, operating under and by virtue of the laws of the State of New York.

24. That at all times hereinafter mentioned, Defendant **FOREST CITY ENTERPRISES, INC.** maintained a principal place of business in Queens County, New York.

25. That at all times hereinafter mentioned Defendant **FOREST CITY ENTERPRISES, INC.** was in the general business of providing real property management services.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT TARGET CORPORATION d/b/a TARGET

26. The plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs "1" through "25" inclusive, with the same force and effect as if they were more fully set forth at length herein.

27. That at all times hereafter mentioned, Defendant **TARGET CORPORATION d/b/a TARGET** was an owner of a property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

4

28. That on or about the 14th day of March, 2011, Defendant **TARGET CORPORATION d/b/a TARGET** was and still is the lessor of a property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

29. That on or about the 28th day of April, 2006, Defendant **TARGET CORPORATION d/b/a TARGET** was and still is the lessee of a property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York. That at all times hereinafter mentioned, Defendant **TARGET CORPORATION d/b/a TARGET** operated the premises and property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

30. That at all times hereinafter mentioned, Defendant **TARGET CORPORATION d/b/a TARGET** maintained the premises and property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

31. That at all times hereinafter mentioned, Defendant **TARGET CORPORATION d/b/a TARGET** managed the premises and property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

32. That at all times hereinafter mentioned, Defendant **TARGET CORPORATION d/b/a TARGET** controlled the premises and known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

33. That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors.

5

34.     That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was broken and disabled.

35.     That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was partially cordoned off for repairs and or maintenance.

36.     That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was stopped and not moving.

37.     That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was stopped and not moving and open for patrons to walk up and/or down between the first and second floors.

38.     That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was stopped and not moving and whose employees advised and directed patrons to walk up and/or down between the first and second floors.

6

39.     That at all times hereinafter mentioned, Defendant **TARGET CORPORATION d/b/a**

**TARGET** allowed to exist at the aforementioned premises a dangerous and defective condition

consisting of a stopped escalator intended for one-way pedestrian traffic for which two way

pedestrian traffic was advised, allowed, directed and encouraged by the employees of the

Defendant **TARGET CORPORATION d/b/a TARGET.**

40.     That at all times hereinafter mentioned, Defendant **TARGET CORPORATION d/b/a**

**TARGET** negligently maintained the aforesaid sidewalk and allowed it to become dangerous to

persons traversing the premises.

41.     That on or about the 15th day of July, 2014, at approximately 1:45 p.m., plaintiff, **ZENAIDA**

**QUIDGLEY** was traversing the aforesaid escalator at the aforementioned Target store located at

88-01 Queens Boulevard, Elmhurst, County of County, State of New York

42.     That on or about the 15th day of July, 2014, at approximately 1:45 p.m., while plaintiff,

**ZENAIDA QUIDGLEY** was traversing the aforesaid premises she was caused to fall and be

violently precipitated to the ground of the escalator thereat.

43.     That on or about the 15th day of July, 2014, at approximately 1:45 p.m. plaintiff, **ZENAIDA**

**QUIDGLEY** was caused to trip and fall at the aforesaid premises due to the carelessness,

recklessness and negligence of the Defendant **TARGET CORPORATION d/b/a TARGET.**

44.     As a result of being violently precipitated to the ground, plaintiff, **ZENAIDA QUIDGLEY**

sustained numerous serious, permanent and long lasting injuries.

45.     That the aforesaid occurrence was due to the carelessness, recklessness and negligence of

Defendant **TARGET CORPORATION d/b/a TARGET.**

46.   That the aforesaid occurrence was due to the carelessness, recklessness and negligence of Defendant **TARGET CORPORATION d/b/a TARGET** and without any negligence on the part of plaintiff, **ZENAIDA QUIDGLEY**.

47.   That as a result of the aforementioned fall, plaintiff, **ZENAIDA QUIDGLEY** was rendered sick, sore, lame and disabled and suffered serious and permanent injury.

48.   That there is imposed upon Defendant **TARGET CORPORATION d/b/a TARGET** as property owners, by law, the duty of maintaining the aforesaid premises so that it would not become dangerous to those lawfully using said property.

49.   That there is imposed upon Defendant **TARGET CORPORATION d/b/a TARGET** as property managers, by law, the duty of maintaining the aforesaid premises so that it would not become dangerous to those lawfully using said property.

50.   The Defendant **TARGET CORPORATION d/b/a TARGET** had actual notice of the defective condition set forth herein.

51.   The Defendant **TARGET CORPORATION d/b/a TARGET** had constructive notice of the defective condition set forth herein.

52.   That the aforementioned fall and injuries were due to the negligence, carelessness and/or recklessness of the defendants, their agents, servants and/or employees in causing, suffering, allowing and permitting the aforesaid escalator area to be and remain in an unsafe, impassable, dangerous, hazardous and defective condition; that the defendants carelessly, recklessly and negligently maintained the aforesaid escalator; that the defendants failed to properly maintain their property and more specifically the escalator within their property; That the Defendant's

8

negligently created a deceptive ramp, raised and deceptive step, which was unmarked, obscure and disguised and which constituted a trap to persons traversing the area, and more particularly, the Plaintiff; in that defendant carelessly and unnecessarily allowed the escalator at the aforementioned premises to become and to be used by pedestrians while stopped; in that defendant carelessly and unnecessarily allowed the escalator at the aforementioned the premises to become and to be used by two way pedestrian traffic while stopped; in that the defendants directed the patrons of the premises to use the aforesaid stopped escalator; in that the defendants directed the patrons of the premises to use the aforesaid stopped escalator for two way pedestrian traffic; in that the defendants directed the patrons of the premises to use the aforesaid stopped escalator for two way pedestrian traffic when it knew, or by the exercise of a reasonable degree of caution and care should have known that it was creating dangerous and defective condition for pedestrians traversing the escalator, and more specifically the Plaintiff herein; in that the defendants failed to post any signs, signals or warnings, and failed to prevent the occurrence; in failing to warn the public at large, and more specifically, the plaintiff that the aforesaid area was rendered unsuitable and inappropriate for persons traversing the area; in allowing the aforesaid area to fall into such a state of danger that it constituted a public and private nuisance and trap for the unaware, the public at large, pedestrians, guests, invitees, and more particularly the plaintiff herein; in failing to provide the plaintiff with the proper protection and warnings that a dangerous and defective condition existed; in failing to erect any barriers, ropes and/or cordons, or failed to mark the defective area so as to prevent the plaintiff, as well as others passing by and through the defective condition from the hazards therein; in failing to hire and employee qualified persons to prevent the

9

happening of the occurrence, to direct pedestrian traffic to a safer means of travelling between floors of the premises and to prevent simultaneous two way traffic on an escalator meant for one way traffic; and in otherwise being careless, reckless and negligent in the ownership, operation, management and control of the aforesaid premises.

53. That this action falls within one or more of the exceptions set forth in Article 16 of the CPLR and the Defendant's are jointly and severally liable.

54. That as a result of the foregoing, the plaintiff has been and will be unable to perform her usual duties, vocations and avocations; she has been caused to and continues to need hospital and medical care, aid and attention for which she has and continues to spend money.

55. That by reason of the aforesaid premises, plaintiff **ZENAIDA QUIDGLEY** has sustained damages in an amount of money greater than the jurisdictional limits of all of the lower Courts in the State of New York.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST DEFENDANT TARGET CORPORATE SERVICES, INC.**

56. The plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs "1" through "56" inclusive, with the same force and effect as if they were more fully set forth at length herein.

57. That at all times hereafter mentioned, Defendant **TARGET CORPORATE SERVICES, INC.** was an owner of a property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

58. That on or about the 14th day of March, 2011, Defendant **TARGET CORPORATE SERVICES, INC.** was and still is the lessor of a property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

59. That on or about the 28th day of April, 2006, Defendant **TARGET CORPORATE SERVICES, INC.** was and still is the lessee of a property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York. That at all times hereinafter mentioned, Defendant **TARGET CORPORATE SERVICES, INC.** operated the premises and property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

60. That at all times hereinafter mentioned, Defendant **TARGET CORPORATE SERVICES, INC.** maintained the premises and property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

61. That at all times hereinafter mentioned, Defendant **TARGET CORPORATE SERVICES, INC.** managed the premises and property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

62. That at all times hereinafter mentioned, Defendant **TARGET CORPORATE SERVICES, INC.** controlled the premises and known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

63. That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors.

11

64.    That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was broken and disabled.

65.    That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was partially cordoned off for repairs and or maintenance.

66.    That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was stopped and not moving.

67.    That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was stopped and not moving and open for patrons to walk up and/or down between the first and second floors.

68.    That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was stopped and not moving and whose employees advised and directed patrons to walk up and/or down between the first and second floors.

12

69. That at all times hereinafter mentioned, Defendant **TARGET CORPORATE SERVICES, INC.** allowed to exist at the aforementioned premises a dangerous and defective condition consisting of a stopped escalator intended for one-way pedestrian traffic for which two way pedestrian traffic was advised, allowed, directed and encouraged by the employees of the Defendant **TARGET CORPORATE SERVICES, INC.**

70. That at all times hereinafter mentioned, Defendant **TARGET CORPORATE SERVICES, INC.** negligently maintained the aforesaid sidewalk and allowed it to become dangerous to persons traversing the premises.

71. That on or about the 15th day of July, 2014, at approximately 1:45 p.m., plaintiff, **ZENAIDA QUIDGLEY** was traversing the aforesaid escalator at the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York

72. That on or about the 15th day of July, 2014, at approximately 1:45 p.m., while plaintiff, **ZENAIDA QUIDGLEY** was traversing the aforesaid premises she was caused to fall and be violently precipitated to the ground of the escalator thereat.

73. That on or about the 15th day of July, 2014, at approximately 1:45 p.m. plaintiff, **ZENAIDA QUIDGLEY** was caused to trip and fall at the aforesaid premises due to the carelessness, recklessness and negligence of the Defendant **TARGET CORPORATE SERVICES, INC.**

74. As a result of being violently precipitated to the ground, plaintiff, **ZENAIDA QUIDGLEY** sustained numerous serious, permanent and long lasting injuries.

13

75. That the aforesaid occurrence was due to the carelessness, recklessness and negligence of Defendant **TARGET CORPORATE SERVICES, INC.**

76. That the aforesaid occurrence was due to the carelessness, recklessness and negligence of Defendant **TARGET CORPORATE SERVICES, INC.** and without any negligence on the part of plaintiff, **ZENAIDA QUIDGLEY**.

77. That as a result of the aforementioned fall, plaintiff, **ZENAIDA QUIDGLEY** was rendered sick, sore, lame and disabled and suffered serious and permanent injury.

78. That there is imposed upon Defendant **TARGET CORPORATE SERVICES, INC.** as property owners, by law, the duty of maintaining the aforesaid premises so that it would not become dangerous to those lawfully using said property.

79. That there is imposed upon Defendant **TARGET CORPORATE SERVICES, INC.** as property managers, by law, the duty of maintaining the aforesaid premises so that it would not become dangerous to those lawfully using said property.

80. The Defendant **TARGET CORPORATE SERVICES, INC.** had actual notice of the defective condition set forth herein.

81. The Defendant **TARGET CORPORATE SERVICES, INC.** had constructive notice of the defective condition set forth herein.

14

82. That the aforementioned fall and injuries were due to the negligence, carelessness and/or recklessness of the defendants, their agents, servants and/or employees in causing, suffering, allowing and permitting the aforesaid escalator area to be and remain in an unsafe, impassable, dangerous, hazardous and defective condition; that the defendants carelessly, recklessly and negligently maintained the aforesaid escalator; that the defendants failed to properly maintain their property and more specifically the escalator within their property; That the Defendant's negligently created a deceptive ramp, raised and deceptive step, which was unmarked, obscure and disguised and which constituted a trap to persons traversing the area, and more particularly, the Plaintiff; in that defendant carelessly and unnecessarily allowed the escalator at the aforementioned premises to become and to be used by pedestrians while stopped; in that defendant carelessly and unnecessarily allowed the escalator at the aforementioned the premises to become and to be used by two way pedestrian traffic while stopped; in that the defendants directed the patrons of the premises to use the aforesaid stopped escalator; in that the defendants directed the patrons of the premises to use the aforesaid stopped escalator for two way pedestrian traffic; in that the defendants directed the patrons of the premises to use the aforesaid stopped escalator for two way pedestrian traffic when it knew, or by the exercise of a reasonable degree of caution and care should have known that it was creating dangerous and defective condition for pedestrians traversing the escalator, and more specifically the Plaintiff herein; in that the defendants failed to post any signs, signals or warnings, and failed to prevent the occurrence; in failing to warn the public at large, and more specifically, the plaintiff that the aforesaid area was rendered unsuitable

15

and inappropriate for persons traversing the area; in allowing the aforesaid area to fall into such a

state of danger that it constituted a public and private nuisance and trap for the unaware, the public

at large, pedestrians, guests, invitees, and more particularly the plaintiff herein; in failing to

provide the plaintiff with the proper protection and warnings that a dangerous and defective

condition existed; in failing to erect any barriers, ropes and/or cordons, or failed to mark the

defective area so as to prevent the plaintiff, as well as others passing by and through the defective

condition from the hazards therein; in failing to hire and employee qualified persons to prevent the

happening of the occurrence, to direct pedestrian traffic to a safer means of travelling between

floors of the premises and to prevent simultaneous two way traffic on an escalator meant for one

way traffic; and in otherwise being careless, reckless and negligent in the ownership, operation,

management and control of the aforesaid premises.

83.    That this action falls within one or more of the exceptions set forth in Article 16 of the CPLR and

the Defendant's are jointly and severally liable.

84.    That as a result of the foregoing, the plaintiff has been and will be unable to perform her usual

duties, vocations and avocations; she has been caused to and continues to need hospital and

medical care, aid and attention for which she has and continues to spend money.

85.    That by reason of the aforesaid premises, plaintiff **ZENAIDA QUIDGLEY** has sustained

damages in an amount of money greater than the jurisdictional limits of all of the lower Courts

in the State of New York.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT FOREST CITY ENTERPRISES, INC.

86.    The plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs

"1" through "85" inclusive, with the same force and effect as if they were more fully set forth at

length herein.

87. That at all times hereafter mentioned, Defendant **FOREST CITY ENTERPRISES, INC.** was an owner of a property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

88. That on or about the 14th day of March, 2011, Defendant **FOREST CITY ENTERPRISES, INC.** was and still is the lessor of a property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

89. That on or about the 28th day of April, 2006, Defendant **FOREST CITY ENTERPRISES, INC.** was and still is the lessee of a property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York. That at all times hereinafter mentioned, Defendant **FOREST CITY ENTERPRISES, INC.** operated the premises and property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

90. That at all times hereinafter mentioned, Defendant **FOREST CITY ENTERPRISES, INC.** maintained the premises and property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

91. That at all times hereinafter mentioned, Defendant **TARGET ENTERPRISES, INC.** managed the premises and property known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

92. That at all times hereinafter mentioned, Defendant **TARGET ENTERPRISES, INC.** controlled the premises and known as the Target store, located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York.

93. That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors.

94. That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was broken and disabled.

95. That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was partially cordoned off for repairs and or maintenance.

96. That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was stopped and not moving.

97. That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was stopped and not moving and open for patrons to walk up and/or down between the first and second floors.

98. That at all times hereafter mentioned, the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York contained within its premises an escalator located between the first and second floors which, on July 15, 2014 was stopped and not moving and whose employees advised and directed patrons to walk up and/or down between the first and second floors.

99. That at all times hereinafter mentioned, Defendant **FOREST CITY ENTERPRISES, INC.** allowed to exist at the aforementioned premises a dangerous and defective condition consisting of a stopped escalator intended for one-way pedestrian traffic for which two way pedestrian traffic was advised, allowed, directed and encouraged by the employees of the Defendant **FOREST CITY ENTERPRISES, INC.**

100. That at all times hereinafter mentioned, Defendant **FOREST CITY ENTERPRISES, INC.** negligently maintained the aforesaid sidewalk and allowed it to become dangerous to persons traversing the premises.

101. That on or about the 15th day of July, 2014, at approximately 1:45 p.m., plaintiff, **ZENAIDA QUIDGLEY** was traversing the aforesaid escalator at the aforementioned Target store located at 88-01 Queens Boulevard, Elmhurst, County of County, State of New York

102. That on or about the 15th day of July, 2014, at approximately 1:45 p.m., while plaintiff, **ZENAIDA QUIDGLEY** was traversing the aforesaid premises she was caused to fall and be violently precipitated to the ground of the escalator thereat.

19

103. That on or about the 15th day of July, 2014, at approximately 1:45 p.m. plaintiff, **ZENAIDA QUIDGLEY** was caused to trip and fall at the aforesaid premises due to the carelessness, recklessness and negligence of the Defendant **FOREST CITY ENTERPRISES, INC.**

104. As a result of being violently precipitated to the ground, plaintiff, **ZENAIDA QUIDGLEY** sustained numerous serious, permanent and long lasting injuries.

105. That the aforesaid occurrence was due to the carelessness, recklessness and negligence of Defendant **FOREST CITY ENTERPRISES, INC.**

106. That the aforesaid occurrence was due to the carelessness, recklessness and negligence of Defendant **FOREST CITY ENTERPRISES, INC.** and without any negligence on the part of plaintiff, **ZENAIDA QUIDGLEY.**

107. That as a result of the aforementioned fall, plaintiff, **ZENAIDA QUIDGLEY** was rendered sick, sore, lame and disabled and suffered serious and permanent injury.

108. That there is imposed upon Defendant **FOREST CITY ENTERPRISES, INC.** as property owners, by law, the duty of maintaining the aforesaid premises so that it would not become dangerous to those lawfully using said property.

109. That there is imposed upon Defendant **FOREST CITY ENTERPRISES, INC.** as property managers, by law, the duty of maintaining the aforesaid premises so that it would not become dangerous to those lawfully using said property.

110. The Defendant **FOREST CITY ENTERPRISES, INC.** had actual notice of the defective condition set forth herein.

111. The Defendant **FOREST CITY ENTERPRISES, INC.** had constructive notice of the defective condition set forth herein.

20

112. That the aforementioned fall and injuries were due to the negligence, carelessness and/or recklessness of the defendants, their agents, servants and/or employees in causing, suffering, allowing and permitting the aforesaid escalator area to be and remain in an unsafe, impassable, dangerous, hazardous and defective condition; that the defendants carelessly, recklessly and negligently maintained the aforesaid escalator; that the defendants failed to properly maintain their property and more specifically the escalator within their property; That the Defendant's negligently created a deceptive ramp, raised and deceptive step, which was unmarked, obscure and disguised and which constituted a trap to persons traversing the area, and more particularly, the Plaintiff; in that defendant carelessly and unnecessarily allowed the escalator at the aforementioned premises to become and to be used by pedestrians while stopped; in that defendant carelessly and unnecessarily allowed the escalator at the aforementioned the premises to become and to be used by two way pedestrian traffic while stopped; in that the defendants directed the patrons of the premises to use the aforesaid stopped escalator; in that the defendants directed the patrons of the premises to use the aforesaid stopped escalator for two way pedestrian traffic; in that the defendants directed the patrons of the premises to use the aforesaid stopped escalator for two way pedestrian traffic when it knew, or by the exercise of a reasonable degree of caution and care should have known that it was creating dangerous and defective condition for pedestrians traversing the escalator, and more specifically the Plaintiff herein; in that the defendants failed to

21

post any signs, signals or warnings, and failed to prevent the occurrence; in failing to warn the public at large, and more specifically, the plaintiff that the aforesaid area was rendered unsuitable and inappropriate for persons traversing the area; in allowing the aforesaid area to fall into such a state of danger that it constituted a public and private nuisance and trap for the unaware, the public at large, pedestrians, guests, invitees, and more particularly the plaintiff herein; in failing to provide the plaintiff with the proper protection and warnings that a dangerous and defective condition existed; in failing to erect any barriers, ropes and/or cordons, or failed to mark the defective area so as to prevent the plaintiff, as well as others passing by and through the defective condition from the hazards therein; in failing to hire and employee qualified persons to prevent the happening of the occurrence, to direct pedestrian traffic to a safer means of travelling between floors of the premises and to prevent simultaneous two way traffic on an escalator meant for one way traffic; and in otherwise being careless, reckless and negligent in the ownership, operation, management and control of the aforesaid premises.

113.   That this action falls within one or more of the exceptions set forth in Article 16 of the CPLR and the Defendant's are jointly and severally liable.

114.   That as a result of the foregoing, the plaintiff has been and will be unable to perform her usual duties, vocations and avocations; she has been caused to and continues to need hospital and medical care, aid and attention for which she has and continues to spend money.

115.   That by reason of the aforesaid premises, plaintiff **ZENAIDA QUIDGLEY** has sustained damages in an amount of money greater than the jurisdictional limits of all of the lower Courts in the State of New York.

WHEREFORE, plaintiff demands judgment against each of the defendants in the first,

second and third causes of action a sum of money greater than the jurisdictional limits of all of the

lower Courts in the State of New York, together with costs and interest.

Dated: Garden City, New York
December 1, 2014

Yours, etc.,

STEVEN R. SMITH, ESQ.
*Attorney for Plaintiff*
Office and Post Office Address
1050 Franklin Avenue, Suite 304
Garden City, New York 11530
(516) 741-5454

23

STATE OF NEW YORK )
                  ) SS:
COUNTY OF NASSAU )

    **STEVEN R. SMITH**, an attorney duly admitted to practice in the Courts of the State of New York, under the penalties of perjury affirms the following:

    That he is the attorney of record for the Plaintiff in the within action. That he has read the foregoing **Summons &Verified Complaint** and knows the contents thereof. That the same is true to his own knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters he believes to be true.

    Affirmant further states that the source of his information and the grounds to his belief as to all the matters therein not stated upon his knowledge are: correspondence had with the said Plaintiff and reports of investigation caused to be made by the Plaintiff which are now in Affirmant's possession and other pertinent data relating thereto.

    The reason why this Complaint is not individually verified is that the Plaintiff does not reside within the county where the undersigned maintains his law office.

Dated: Garden City, New York
       December 1, 2014

                               _____
                                STEVEN R. SMITH, ESQ.

STEVEN R. SMITH, ESQ.

Index No. _____ Year 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ZENAIDA QUIDGLEY,

Plaintiff,

v.

TARGET CORPORATION d/b/a TARGET,
TARGET CORPORATE SERVICES, INC.,
And FOREST CITY ENTERPRISES, INC.

Defendant's

---

## SUMMONS & VERIFIED COMPLAINT

---

**STEVEN R. SMITH, ESQ.**
*Attorney for* ZENAIDA QUIDGLEY
1050 FRANKLIN AVENUE – SUITE 304
GARDEN CITY, NEW YORK 11530
(516) 741-5454

---

ATTORNEY CERTIFICATION

The undersigned, an attorney duly admitted to practice in the courts of New York State certifies, that upon information, belief and reasonable inquiry, the contentions contained in the above-referenced documents are not frivolous, and that this is an initiating pleading, that the matter was not obtained through illegal conduct.

Dated: Garden City, New York

STEVEN R. SMITH, ESQ.

---

Service of a copy of the within _____ is hereby admitted.

Dated: _____

_____
Attorney(s) for

---

*PLEASE TAKE NOTICE*

☐ Notice of   that the within is a (certified) copy of a _____
   Entry     entered in the office of the clerk of the within named Court on _____ 201__

☐ Notice of   that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ at
   Settlement   one of the judges of the within named Court on _____ 201__ at
              M.

Dated: _____

_____
*Attorney for*
STEVEN R. SMITH, ESQ.
ZENAIDA QUIDGLEY
1050 FRANKLIN AVENUE
SUITE 304
GARDEN CITY, N.Y. 11530
(516) 741-5454

To:
*Attorney(s) for*